UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DASHANTE SCOTT JONES,
    *Plaintiff*,

v.                                        No. 3:18-cv-00629 (VAB)

JANE DOE *et al.*,
    *Defendants*.

**INITIAL REVIEW ORDER**

Dashante Scott Jones ("Plaintiff"), currently incarcerated at the Garner Correctional Institution ("Garner") in Newtown, Connecticut, and proceeding *pro se*, has sued Captain Watson, Dr. Johnny Wu, Dr. Ruiz, and four other unidentified correctional officials (collectively "Defendants") in their individual and official capacities for damages under 42 U.S.C. § 1983. Mr. Jones claims that Defendants violated his rights under the Fourth, Eighth, and Fourteenth Amendments to the U.S. Constitution by denying him access to necessary medical equipment. He also asserts a claim under the Health Insurance Portability and Accountability Act ("HIPAA").

For the reasons that follow, the Complaint is dismissed, in part.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

As best as the Court can determine, Mr. Jones makes the following allegations.

**A.    Factual Allegations**

Mr. Jones claims to suffer from chronic asthma and sleep apnea. Compl. at 5, ECF No. 1. On November 20, 2017, while allegedly housed in the segregation unit at Garner, Mr. Jones filed a grievance against a number of prison officials because medical personnel were allegedly preventing him from having an asthma pump inside of his cell. *Id.* Correctional staff allegedly

informed Mr. Jones that inmates at Garner are not permitted to have asthma pumps in their cells, but they are permitted in cells at other prison facilities. *Id.* Nevertheless, Captain Watson allegedly instructed medical personnel not to permit Mr. Jones to have the pump. *Id.* The denial of the pump, Mr. Jones claims, caused Mr. Jones to struggle breathing in his sleep and wake up constantly with shortness of breath. *Id.*

Mr. Jones allegedly continued to submit complaints to correctional staff at Garner about the denial of the pump and the problems it was causing him. Compl. at 6. Captain Watson and John/Jane Does 1, 2, and 3 allegedly rejected his complaints. *Id.* at 5-6. On the morning of January 19, 2018, Mr. Jones alleges that Nurse Doe 1 forgot to bring Mr. Jones his two asthma pumps, which contained his asthma medication. *Id.* When Mr. Jones complained to a correction officer about Doe 1's mistake, the officer allegedly told him to wait until after lunch to receive the medication. *Id.* Shortly thereafter, however, Mr. Jones felt his chest tighten, and he allegedly passed out in his cell. *Id.* Correction officials allegedly called an emergency code, and several medical personnel, including Nurse Jane Doe 2, allegedly brought Mr. Jones to the medical unit. *Id.*

While in the medical unit, medical staff allegedly monitored Mr. Jones by repeatedly checking his vital signs. Compl. at 7. Mr. Jones claims that, however, under the direction of Dr. Ruiz, the staff initially deprived Mr. Jones of his proper breathing medication. *Id.* Finally, after several complaints and with Mr. Jones "fighting for [his] life," the staff provided him with breathing treatment. *Id.* Mr. Jones believes Dr. Ruiz and his staff deprived Mr. Jones of approrpiate treatment out of retaliation for lawsuits Mr. Jones has filed in state and federal court and because they wanted Mr. Jones to die. *Id.*

### B. Procedural Background

Mr. Jones filed his Complaint on April 12, 2018. Compl.

On April 16, 2018, Magistrate Judge William I. Garfinkel granted Mr. Jones' motion to proceed *in forma pauperis*. ECF No. 7.

## II. STANDARD OF REVIEW

Complaints by incarcerated persons must be reviewed and any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief, must be dismissed. 28 U.S.C. § 1915A. Although detailed allegations are not required, a complaint must include sufficient facts to afford a defendants fair notice of the claims and grounds upon which the claims are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

## III. DISCUSSION

Mr. Jones has sued the Defendants in their individual and official capacities for violating his First, Fourth, Eighth, and Fourteenth Amendment rights and his rights under HIPAA.

Defendants allegedly acted with deliberate indifference to his serious medical needs, Captain Watson allegedly denied him equal protection of the laws, and Dr. Ruiz allegedly retaliated against him for filing lawsuits in court.

### A. Claims Against Defendants in their Official Capacities

To the extent Mr. Jones seeks damages against the Defendants in their official capacities for damages, his claims are barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 170 n.14 (1985) ("Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it, [ ] a State cannot be sued directly in its own name regardless of the relief sought." (citation omitted)). Because Mr. Jones is not suing the defendants for declaratory or injunctive relief, all claims against Defendants in their official capacities are dismissed. *See Abrams v. Erfe*, 2018 WL 691714, *19 (D. Conn. Feb. 2, 2018) (dismissing claims against defendant in official capacity).

### B. First Amendment Retaliation

Dr. Ruiz allegedly provided inadequate treatment to Mr. Jones, while in the medical unit at Garner, in retaliation for previous lawsuits he filed against him and other medical staff in state and federal court. Compl. at 7–8. This claim lacks factual support.

"Prison officials may not retaliate against inmates for exercising their constitutional rights." *Riddick v. Arnone*, 11 Civ. 631 (SRU), 2012 WL 2716355, *6 (D. Conn. Jul. 9, 2012). "To prevail on a First Amendment retaliation claim, [a plaintiff] must establish (1) that the speech or conduct at issue was protected, (2) that the [official] took adverse action against the [prisoner], and (3) that there was a causal connection between the protected [conduct] and the adverse action." *Holland v. Goord*, 758 F.3d 215, 225 (2d Cir. 2014) (internal quotation marks

4

omitted); *Espinal v. Goord*, 558 F.3d 119, 128 (2d Cir. 2009). "In the prison context, 'adverse action' is objectively defined as conduct 'that would deter a similarly situated individual of ordinary firmness from exercising . . . constitutional rights.'" *O'Diah v. Cully*, 08 Civ. 941, 2013 WL 1914434, *9 (N.D.N.Y. May 8, 2013) (quoting *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003)); *see also Ramsey v. Goord*, 661 F. Supp.2d 370, 399 (W.D.N.Y. 2009) (prisoners may be required to tolerate more than average citizens before alleged retaliatory action against them is considered adverse).

In order to allege causation, a plaintiff must state facts "suggesting that the protected conduct was a substantial or motivating factor in the prison official's decision to take action against [him]." *Moore v. Peters*, 92 F. Supp.3d 109, 121 (W.D.N.Y. 2015) (quoting *Burton v. Lynch*, 664 F. Supp.2d 349, 367 (S.D.N.Y. 2009)). Some of the facts often used to determine retaliatory motive include (1) temporal proximity between the protected conduct and the alleged retaliatory act, (2) the prisoner's prior good disciplinary record, (3) a finding of not guilty at the disciplinary hearing, and (4) statements by the official(s) showing motivation. *Id.*; *O'Diah*, 2013 WL 1914434, *10.

Mr. Jones' retaliation claim is conclusory. He has not alleged sufficient factual detail in support of his belief that Dr. Ruiz deprived him of adequate medical treatment in retaliation for his previous lawsuits, other than the fact that he filed the lawsuits. The Court does not find that Mr. Jones has stated a plausible retaliation against Dr. Ruiz. The retaliation claim therefore is dismissed.

### C. Fourth Amendment Claim

Mr. Jones also alleges that Defendants violated his Fourth Amendment rights, Compl. at 6, but he does not specify how his Fourth Amendment rights were violated or provide any facts in support of this claim. The Fourth Amendment claim also therefore is dismissed.

### D. Eighth Amendment Deliberate Indifference to Serious Medical Needs Claim

Mr. Jones also claims a violation of his Eighth Amendment right against cruel and unusual punishment. Specifically, Mr. Jones alleges that Defendants deprived him of his asthma medication and pump, despite his numerous requests, which caused him to lose consciousness and suffer from difficulties with breathing.

Deliberate indifference to a serious medical need occurs when an official knows that an incarcerated person faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Harrison v. Barkley*, 219 F.3d 132, 137–38 (2d Cir. 1998) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). In order to prevail on a deliberate indifference claim, a plaintiff must show both that a medical need was serious and that the defendant acted with a sufficiently culpable state of mind. *See Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) (citing *Estelle v. Gamble*, 429 U.S. 97, 105 (1976)).

There are both objective and subjective components to the deliberate indifference standard. *See Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994). Objectively, the alleged deprivation must be "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Subjectively, a defendant must have been actually aware of a substantial risk that the plaintiff would suffer serious harm as a result of their conduct. *See Salahuddin v. Goord*, 467 F.3d 263, 280–81 (2d Cir. 2006).

Construed liberally, Mr. Jones' allegations state a plausible claim of deliberate indifference to medical needs against the defendants for depriving him of his asthma pump and medication while he was housed in his cell and breathing treatment while he was in the medical unit. The Court therefore will permit the Eighth Amendment claim to proceed against the defendants in their individual capacities for damages.

E.   **Fourteenth Amendment Equal Protection Claim**

Mr. Jones also claims that Captain Watson deprived him of equal protection of the laws, in violation of the Fourteenth Amendment. Mr. Jones alleges that Mr. Watson deprived Mr. Jones of his asthma pump in his cell, when other prison facilities permit inmates were permitted to have them.

The Equal Protection Clause of the Fourteenth Amendment "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). The Clause "protects prisoners from invidious discrimination." *Riddick v. Arnone*, 11 Civ. 631 (SRU), 2012 WL 2716355, *3 (D. Conn. Jul. 9, 2012). It does not, however, require identical treatment for each individual; rather, it requires that a similarly situated person be treated the same. *City of Cleburne, Tex.*, 473 U.S. at 439-40. "To state a claim for an equal protection violation, a plaintiff must plausibly allege that he was treated differently than others similarly situated as a result of intentional or purposeful discrimination." *Rossi v. Fischer*, 13 Civ. 3167 (PKC/DF), 2015 WL 769551, *13 (S.D.N.Y. Feb. 24, 2015) (quoting *Phillips v. Girdich*, 408 F.3d 124, 129 (2d Cir. 2005)).

A prisoner may also state an Equal Protection claim under the "class of one theory." To state such a claim, he must allege that (1) he has been intentionally treated differently than other

similarly situated inmates; and (2) there is no rational basis for the disparity in treatment. *Holmes v. Haugen*, 356 F. App'x 507, 509 (2d Cir. 2009); *Green v. Martin*, 224 F. Supp. 3d 154, 171 (D. Conn. Dec. 14, 2016). The prisoner must allege an "extremely high" level of similarity with the person to whom he is comparing himself. *Neilson v. D'Angelis*, 409 F.3d 100, 104 (2d Cir. 2005). His circumstances and the other person's must be "prima facie identical." *Id.* at 105.

Mr. Jones has failed to state a claim. Other than a conclusory allegation that prisoners at other facilities are permitted to possess asthma pumps in their cells, Mr. Jones has included no factual detail to suggest an "extremely high" level of similarity between he and someone similarly situated. *Neilson*, 409 F.3d at 104.

Mr. Jones therefore has failed to state a claim upon which this Court may grant relief and the Fourteenth Amendment claim is dismissed.

### F. HIPAA Claim

Mr. Jones also claims a violation of his right to medical privacy under HIPAA. Compl. at 6. "However, HIPAA does not provide a cause of action through which individuals can enforce its provisions." *Alsaifullah v. Furco*, 12 Civ. 2907 (ER), 2013 WL 3972514, *17 (S.D.N.Y. Aug. 2, 2013). His HIPAA claim therefore is dismissed.

## IV. CONCLUSION

All claims against Defendants in their official capacities are **DISMISSED**.

Mr. Jones' First, Fourth, Fourteenth Amendment, and HIPAA claim are **DISMISSED**.

The Eighth Amendment claim for deliberate indifference to medical needs may proceed against Defendants in their individual capacities for damages.

The Clerk of the Court shall verify the current business addresses for Watson, Ruiz, and Wu with the Department of Correction Office of Legal Affairs, mail a waiver of service of process request packet containing the complaint to each defendant at the confirmed address within **twenty-one (21) days** of this order, and report to the Court on the status of the waiver request on the **thirty-fifth (35th) day** after mailing. If any defendant fails to return the waiver request, the clerk shall make arrangements for in-person service by the U.S. Marshal Service on him, and he shall be required to pay the costs of such service in accordance with Fed. R. Civ. P. 4(d).

Because Mr. Jones has not identified the four John/Jane Doe Defendants by name, the Clerk of the Court is not able to serve a copy of the complaint on those Defendants in their individual capacities. Mr. Jones must, within **ninety (90) days** of the date of this order, conduct discovery and file a notice with the Court indicating the first and last name of those four Defendants. If Mr. Jones files the notice, the Court will direct the Clerk of the Court to effect service of the Complaint on those Defendants in their individual capacities. If Mr. Jones fails to identify those Defendants within the time specified, his claim against them will be dismissed under Fed. R. Civ. P. 4(m).

Defendants Watson, Ruiz, Wu, and Does 1-4 (if identified) shall file their responses to the Complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the notice of lawsuit and waiver of service of summons forms are mailed to them. If Defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They may also include any and all additional defenses permitted by the Federal Rules of Civil Procedure.

Discovery, under Fed. R. Civ. P. 26–37, shall be completed within **six months (180 days)** from the date of this Order. Discovery requests shall not be filed with the Court.

All motions for summary judgment shall be filed within **seven months (210 days)** from the date of this order.

**SO ORDERED** at Bridgeport, Connecticut, this 1st day of August, 2018.

    /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE