UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DESHANTE SCOTT JONES,
    *Plaintiff*,

v.

JANE DOE *et al.*,
    *Defendants*.

No. 3:18-cv-00629 (VAB)

**RULINGS ON MOTIONS TO AMEND COMPLAINT
AND FOR DISCOVERY**

Dashante Scott Jones ("Plaintiff"), proceeding *pro se* and currently incarcerated at Garner Correctional Institution ("Garner") in Newtown, Connecticut, has sued Captain Watson, Dr. Johnny Wu, Dr. Ruiz, and four unidentified correctional officials (collectively "Defendants") under 42 U.S.C. § 1983 in their individual and official capacities for damages alleging deliberate indifference to adequate medical care.

Mr. Jones has moved to amend the Complaint and to take discovery.

The Court **GRANTS** the motion to amend and **DENIES** the motion to take discovery.

**I.    BACKGROUND**

Mr. Jones initially sued Defendants in their individual and official capacities. After initial review, this Court permitted Mr. Jones' Eighth Amendment claim for deliberate indifference to serious medical needs to proceed against Defendants in their individual capacities for damages. Initial Review Order, ECF No. 8. The Court dismissed the claim against Defendants in their official capacities because the Eleventh Amendment bars claims for damages against state officials in their official capacities, and Mr. Jones did not seek any injunctive or declaratory

relief. *Id.* at 4 (citing *Kentucky v. Graham*, 473 U.S. 159, 170 n.14 (1985); *Abrams v. Erfe*, No. 3:17-cv-1570 (CSH), 2018 WL 691714, *19 (D. Conn. Feb. 2, 2018)).

## II. STANDARD OF REVIEW

Under Rule 15 of the Federal Rules of Civil Procedure, a plaintiff may amend the complaint once as a matter of right within twenty-one days after service of the complaint or, if a responsive pleading is required, within twenty-one days after service of the responsive pleading. *See* Fed. R. Civ. P. 15(a); *O'dell v. Bill*, No. 9:13-cv-1275 (FJS/TWD), 2015 WL 710544, *44 (N.D.N.Y. Feb. 18, 2015). In all other cases, a plaintiff may amend the complaint only with the Court's leave. Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) of the Federal Rules of Civil Procedure requires that the Court's permission to amend a complaint "shall be freely given when justice so requires." "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc.—the leave should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). "This relaxed standard applies with particular force to *pro se* litigants." *Pangburn v. Culbertson*, 200 F.3d 65, 70 (2d Cir. 1999) (internal quotations omitted).

Rule 26, as amended on December 1, 2015, recognizes that "[i]nformation is discoverable . . . if it is relevant to any party's claim or defense and is proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Rule 26 Advisory Committee Notes to 2015 Amendments. Even after the 2015 amendments, "[r]elevance is still to be construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear

2

on any party's claim or defense." *Bagley v. Yale Univ.*, No. 3:13-cv-01890 (CSH), 2015 WL 8750901, at *7 (D. Conn. Dec. 14, 2015) (citing *State Farm Mutual Automobile Insurance Co. v. Fayda*, No. 14 Civ. 9792, 2015 WL 7871037 (S.D.N.Y. Dec. 12, 2015)), at *2.

### III. DISCUSSION

#### A. Amending a Pleading

Mr. Jones seeks to amend his Complaint. ECF No. 11. He seeks to clarify various alleged factual errors as stated in the Court's Initial Review Order, including the following: (1) all actions of which he complains occurred at Cheshire Correctional Institution ("Cheshire"), not Garner; (2) all Defendants, with the exception of Dr. Wu, work at Cheshire; (3) the Initial Review Order incorrectly stated that Mr. Jones complained to a correction officer about Nurse Doe 1's failure to bring him his asthma pumps when, in fact, he complained to the medical unit about the mistake; and (4) Mr. Jones only sued Dr. Ruiz in federal court, not in state court. *Id.* at 1–2. Mr. Jones also seeks to add claims against Defendants in their official capacities for declaratory or injunctive relief so "that no prisoner [will] be neglected and/or restricted from [the] use of [asthma] pumps . . . to prevent this from happening again and maybe causing someone's death next time." *Id.* at 2.

Because Mr. Jones has filed his motion to amend within twenty-one days of service of the Complaint, he is entitled to amend as a matter of right. Thus, the Court will grant the motion. Mr. Jones however has not actually filed an Amended Complaint reflecting the changes he wishes to make. Unless and until he files an Amended Complaint, the Court will not accept any amendments to the Complaint. Mr. Jones is, therefore, ordered to file an Amended Complaint

with any and all corrections to his factual allegations **within thirty (30) days from the date of this Order**.

The Court also reminds Mr. Jones that he must identify the four John/Jane Doe defendants in order to effect service on those defendants in their individual capacities. *See* Initial Review Order at 9.

If Mr. Jones wishes to sue Defendants in their official capacities, he must specify the form of declaratory or injunctive relief he seeks.

### B. Motion to Take Discovery

Mr. Jones also seeks an Order for prison officials to provide him with copies of his medical records, which he claims he needs in order to identify the Doe Defendants. Mot. for Order, ECF No. 12. The Court will construe this as a request for discovery.

Under the Court's Initial Review Order, "[d]iscovery requests shall not be filed with the Court." Initial Review Order at 10. Thus, the Court will deny Mr. Jones's motion for discovery until after counsel has appeared on behalf of the identified defendants. Mr. Jones may then request such discovery from defense counsel. Fed. R. Civ. P. 26(b)(1) ("Information is discoverable . . . if it is relevant to any party's claim or defense and is proportional to the needs of the case."). Although Mr. Jones claims he cannot afford copies of his medical records, the Court is not aware of any rule prohibiting him from viewing the facility's copy of such records to identify the Doe defendants.

The Court reminds Mr. Jones that he has until November 1, 2018, to identify those Defendants. *See id.* at 9. Thus, there is no justification for an Order to compel discovery at this time.

**IV. CONCLUSION**

The motion to amend the complaint is **GRANTED**. Mr. Jones must file his amended complaint in accordance with the Court's instruction **within thirty (30) days from the date of this Order**.

The motion for discovery is **DENIED**.

**SO ORDERED** at Bridgeport, Connecticut this 26th day of August, 2018.

                                                  /s/ Victor A. Bolden
                                                VICTOR A. BOLDEN
                                                UNITED STATES DISTRICT JUDGE